UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.O.L.R.,<br><br>                    Petitioner,<br><br>        v.<br><br>MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>                    Respondents. | No.  1:25-cv-01241-KES-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)**<br><br>**[21-DAY OBJECTION DEADLINE]** |

Petitioner J.O.L.R. is a 23-year-old asylum seeker from Guatemala who was detained but then released by immigration officials upon his entry into the United States. Immigration officials released him after determining that he was neither a flight risk nor a danger to the community and that he was entitled to file an asylum application, and they placed him in removal proceedings under 8 U.S.C. § 1229a.

On September 23, 2025, the Court granted Petitioner's motion for temporary restraining order and ordered his release. (Doc. 9.) On October 14, 2025, the Court granted petitioner's motion for preliminary injunction. (Doc. 18.) The Court ordered that Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing

1

evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. (Doc. 18 at 14.)

On February 4, 2026, the Court issued an order directing the parties to advise whether they wished to stand on their submissions to date, or whether they wished to provide supplemental briefing. (Doc. 19.) On February 6, 2026, Respondents advised that they wished to submit on the previous briefing. (Doc. 20.) On February 13, 2026, Petitioner advised that he wished to submit on his previous filings. (Doc. 21.)

Petitioner alleges he was denied his due process rights when he was re-detained without a pre-deprivation bond hearing. In the orders granting the temporary restraining order and preliminary injunction, the Court agreed with Petitioner. (Docs. 9 at 8; 18 at 10.) For the same reasons stated in the order, and in other previous cases, see Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC) (E.D. Cal. Jan. 12, 2025), Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition should be granted.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED, and Respondents be PERMANENTLY ENJOINED and RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

2

not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 18, 2026**          /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

3