UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.O.L.R., | No. 1:25-cv-01241-KES-SKO (HC) |
| Petitioner, | A-Number: 221-140-226 |
| v. | |
| MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondents. | Doc. 22 |

Petitioner J.O.L.R. is a former immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 19, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition. Doc. 22. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On February 20, 2026, respondents filed objections. Doc. 23. Petitioner did not file objections or a non-opposition.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.  Respondents' objections do not address the magistrate judge's finding that petitioner "was denied his due process rights when he was re-detained without a pre-deprivation bond hearing" in line with this Court's reasoning in prior orders and cases.  Doc. 22 at 2.  As this Court has previously held, "the *Matthews* factors show that petitioner is entitled to a bond hearing, which should have been provided before petitioner was detained."  Doc. 18 at 10. To the extent respondents object that the findings and recommendations might "encroach upon the future execution of a removal order," respondents do not assert that any such removal order has been issued, and the court clarifies that this Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

Accordingly,

1.    The findings and recommendations issued on February 19, 2026, Doc. 22, are ADOPTED as clarified above;

2.    The petition for writ of habeas corpus is GRANTED;

3.    Respondents are PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified; and

4.    The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:    June 16, 2026                    _____
                                          UNITED STATES DISTRICT JUDGE

2